### EDWIN BURNHAM *et al.*

*v.*

### THE LAMAR INSURANCE COMPANY.

1. APPEAL—*lies to the Supreme Court from an order confirming master's report.* On a creditor's bill, where the case is referred to the master to take proof and ascertain amounts of claims, etc., and the master reports adversely to a claim presented, and the court, on exception to the master's report, confirms the same, an appeal from such order of confirmation will lie to the Supreme Court.

2. CREDITOR'S BILL—*what claims to be allowed—assignment of policy of insurance.* A creditor's bill was filed against an insurance company, and a receiver appointed, with directions to pay the complainants and other creditors, and the cause was referred to the master, to take proof of all claims against the company which might be presented to the receiver. A judgment, obtained against the company by default, was presented, and it was shown that before the judgment was rendered, the

policy upon which it was obtained had been assigned in blank by the plaintiff in the judgment, upon the payment to her of 25 per cent of the amount due thereon, and the representation to her, by one claiming to act as an adjuster of the company, that that was all the company would be able to pay, and that if it paid any more she would get as much as any one else. The blank in the assignment was afterwards filled with the name of the party representing himself as the adjuster of the company. The judgment was for the balance due on the policy after deducting the amount paid by the adjuster at the time of the assignment. The company, at the time of the assignment, was, in fact, able to pay all its liabilities: *Held,* that there was no real assignment of the policy to the party taking it, as a purchaser. and that the claim of the judgment should have been allowed by the master, and that the exceptions to his report disallowing it, should have been sustained.

3. SAME—*practice—contested claim.* On a creditor's bill, where the cause is referred to the master to take proof of claims, and a claim is presented which appears to have been assigned to one not before the court, and who, it is claimed, has no interest in it, the proper practice is for the claimant to present his claim by a petition to the court, making such assignee a party, so that he may be brought before the court, and have an opportunity to set up whatever interest he may have in the claim.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Messrs. GOGGIN & SCHAFFNER, for the appellants.

Messrs. SHUFELDT, BALL & WESTOVER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Helen Warner, appellant. recovered a judgment for $1500 in the Superior Court of Cook county, against the Lamar Insurance Company, by default, on its policy of insurance to her, made on the 11th day of February, 1873.

On the 23d day of October, 1872, Edwin Burnham and Edwin R. Burnham filed their creditor's bill against the Lamar Insurance Company and others. The bill was taken *pro confesso,* and the court appointed George Chandler receiver of the Lamar Insurance Company. On the 18th of January, 1873, the court, among other things, ordered the receiver,

11—79TH ILL.

from his collections, to pay the costs of the proceedings, and then "to pay the complainants herein, and all other creditors of the Lamar Insurance Company who shall come in and file their claims under this decree, *pro rata*, or share and share alike, until all of the demands against the said corporation shall be paid in full." Afterward, the court further ordered that it be referred to a master, "to take proof, in due form of law, of all claims against said Lamar Insurance Company which may be presented to the receiver, and ascertain the amounts thereof, and whether the same are just and valid claims against said corporation." The appellant presented to the receiver, and filed with the master, the claim of her said judgment. After hearing proofs, the master reported adversely to the allowance of appellant's claim, finding that the judgment obtained by appellant against the company was void, she having previously assigned the policy of insurance on which the judgment was recovered, and that there was not sufficient evidence to show that Gunnison, who purchased the policy, had any authority to represent the Lamar Insurance Company. The court below, upon exceptions to the master's report, confirmed the same—from which order of confirmation this appeal is taken.

It is first objected, that the appeal does not lie. This precise question was decided by this court in favor of the right of appeal, in *Derrick* v. *The Lamar Insurance Company*. Sept. term, 1874, which was the case of an appeal from the disallowance of a like claim, which had been presented and filed in this same proceeding of this creditor's bill against the Lamar Insurance Company.

In the proofs before the master, there appeared on the back of the policy of insurance upon which the judgment was obtained, an assignment, in writing, of the policy by appellant to one A. R. Gunnison, and that this was previous to the judgment, appellant admitting she had received $500 from Gunnison, and that the judgment was taken for the remainder of her loss.

The Lamar Insurance Company had had its risks re-insured by the People's Insurance Company of San Francisco. Gunnison was the agent of the latter company. The proofs before the master went to show that there was no real assignment of the policy to Gunnison as a purchaser. but that the transaction with him, as understood and believed by appellant. was an adjustment and settlement of her loss under the policy with Gunnison, as the adjuster of the Lamar Insurance Company, he representing himself to be such, and that the Lamar Insurance Company was not able to pay any more than 25 cents on the dollar—when, in fact. it was able to pay all of its losses in full ; that the adjustment was made on that basis, and $500 paid by Gunnison to appellant, he saying, that if the Lamar Insurance Company ever paid more than 25 cents on the dollar, appellant would be entitled to as much as any one else ; that on the completion of the adjustment, Gunnison requested appellant to sign the assignment, which she accordingly did, the assignment then being in blank as to the name of the assignee, and there having been no talk of an assignment to anybody. Gunnison's name appears signed to the assignment as a subscribing witness.

We are of opinion that, under the proofs exhibited before the master, the claim of appellant should have been allowed, and that the exceptions to the master's report should have been sustained.

The order of confirmation of the master's report will be reversed, and the cause remanded for further proceedings. As suggested in *Derrick's case,* we think the proper course would be for appellant to present her claim, in the way of a petition, to the court, making Gunnison a party, so that he may be brought before the court, and afforded an opportunity to assert whatever interest he may claim.

*Order reversed.*